UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
MARK WILLS,

                Plaintiff,

          - v -

JACQUES PAQUIOT CONSTANT, et al.

                Defendants.
------------------------------------------------------x

**REPORT AND RECOMMENDATION**

CV-04-4454 (ARR)(VVP)

      For the following reasons, the court recommends that this action be dismissed because of the plaintiff's persistent failure to provide discovery in response to court orders and otherwise prosecute. Moreover, because this is the second time that the court is recommending dismissal because of the plaintiff's conduct, the dismissal should be with prejudice.

      The conduct of the plaintiff that first led to dismissal of the action was catalogued in a report and recommendation dated November 16, 2005 and need not be repeated here. The court recommended that the action be dismissed without prejudice, a recommendation which was accepted leading to the dismissal of this action by order dated December 15, 2005. By letter filed January 3, 2006,[1] however, the plaintiff requested that the action not be dismissed, and the court held a hearing on February 16, 2006 concerning the matter. Following the hearing the court recommended that the action be restored to the calendar, but warned the plaintiff clearly that further failures to comply with court orders concerning discovery and the prosecution of the action would result in dismissal.[2] Nevertheless, the pattern of non-appearance and failure to provide discovery has continued as follows:

      1.     At a conference on April 7, 2006, the plaintiff was advised that he would be required to respond to the defendant's interrogatories and document requests within 30 days after they were served (they had previously been served on the plaintiff's former counsel but the

---

[1] It is noteworthy that the plaintiff responded almost immediately to the order dismissing his action, given that his excuse for failing to appear at prior conferences and to respond to other matters relating to the case was his failure to receive numerous other items of mail addressed to him at the same address where the order of dismissal was sent.

[2] It appears from the docket that, although proceedings in this action did resume, no order formally adopting the recommendation was entered.

plaintiff had insisted he never knew about them), and would be required to sign authorizations for medical records. The defendants served the interrogatories, document requests and authorizations on the plaintiff on April 13, 2006. The plaintiff has never responded to the interrogatories and document requests.

2. In response to the defendant's request for sanctions because of the plaintiff's failure to provide the above discovery, the court held a hearing on June 16, 2007, at which the court ordered the plaintiff to supply responses to the defendant's interrogatories and document requests by July 6, 2006. Again the plaintiff failed to comply with the court's direction.

3. At a conference on September 6, 2006, an attorney appeared on behalf of the plaintiff.[3] The court again ordered the plaintiff to provide the discovery identified above, and directed that the plaintiff appear for medical examinations by October 20, 2006. He failed to provide the required responses to discovery requests and has not appeared for medical examinations.

4. At the conference scheduled for October 24, 2006, neither the plaintiff nor any attorney purporting to act on his behalf appeared. As a result the court issued an Order to Show Cause requiring the plaintiff to show, in writing, by October 31, 2006 why the case should not again be dismissed for failure to provide discovery. The Order, which was mailed to the plaintiff at his address of record, stated in bold letters,

> **In view of the plaintiff's multiple previous failures to comply with discovery orders, a failure by the plaintiff to respond to this order by the deadline above will result in a dismissal of this action with prejudice.**

The plaintiff did not respond to the order.[4]

This matter involves an automobile accident that occurred more than six years ago, apparently resulting only in soft tissue injuries. The passage of time has increased the likelihood that medical records and other evidence will no longer be available, thus prejudicing the

---

[3]The attorney, Michael Young, advised the court that he had been retained by the plaintiff and the court ordered that he enter a notice of appearance within a week. He never did so.

[4]In March 2007, the court received two letters from the plaintiff providing the same excuses for his noncompliance with court ordered discovery which he provided the last time the court recommended dismissal, specifically, that he did not receive communications from his attorney and he did not receive mail from the court.

defendants. Moreover, the defendants have expended considerable resources attending numerous pointless conferences and attempting repeatedly to obtain discovery. They should not be required to expend further resources on this matter in view of the plaintiff's dilatory conduct. The court recommends that the action be dismissed with prejudice.

\*      \*      \*      \*      \*      \*

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 10 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see, e.g., Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298 (2d Cir.), *cert. denied*, 113 S. Ct. 825 (1992); *Small v. Secretary of Health and Human Serv.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:      Brooklyn, New York
            December 24, 2007