UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                                     :
MARK WILLS,                                                          :    04-CV-4454 (ARR)(VVP)
                                                                     :
                                        Plaintiff,                   :    NOT FOR
        -against-                                                    :    PRINT OR ELECTRONIC
                                                                     :    PUBLICATION
JACQUEST PAQUIOT CONSTANT, et al.                                    :
                                                                     :    ORDER
                                        Defendants.                  :
                                                                     :
-------------------------------------------------------------------- X

ROSS, United States District Judge:

The court has received the Report and Recommendation of the Honorable Viktor Pohorelsky, United States Magistrate Judge, dated December 24, 2007, recommending dismissal of this action for failure to prosecute. By letter to Judge Pohorelsky dated December 28, 2007, plaintiff, now proceeding *pro se*, opposed dismissal.[1] Having construed this letter as plaintiff's objections to the Report and Recommendation and reviewed the Report and Recommendation de novo pursuant to 28 U.S.C. § 636(b)(1), the court adopts Judge Pohorelsky's recommendation and pursuant to Rule 41(b), Fed. R. Civ. P., dismisses this case with prejudice for failure to prosecute.

## BACKGROUND

The instant personal injury action, which stems from a motor vehicle accident that occurred on November 3, 2001, see Complaint at ¶¶ 11-13, was removed to this court from New York State Supreme Court on October 15, 2004. On March 28, 2005, Judge Pohorelsky issued a

---

[1] This letter is attached as Appendix A hereto.

1

scheduling order. (Dkt. No. 5). Following defense counsel's September 28, 2005 application to adjourn the discovery schedule due to plaintiff's non-compliance with discovery demands (Dkt. No. 9), plaintiff's counsel moved to withdraw from representation of his client because plaintiff was not cooperating with counsel's efforts to provide the requested discovery. See Dkt. Nos. 12, 22. In response, on October 26, 2005, Judge Pohorelsky scheduled a hearing on counsel's motion and directed plaintiff's personal appearance, warning that "[a] failure by Mr. Wills to appear will result in the dismissal of this case for want of prosecution." (Dkt. No. 12). Upon plaintiff's unexplained failure to appear as directed and after hearing evidence from counsel concerning plaintiff's refusal to respond to his efforts to communicate and obtain information for discovery, Judge Pohorelsky, on November 16, 2005, granted counsel's motion to withdraw. (Dkt. No. 13). On the same date, he issued a Report and Recommendation ("the 2005 R&R"), recommending dismissal of the action without prejudice and setting forth the findings of fact supporting his conclusion that plaintiff had abandoned the action. (Dkt. No. 14). The 2005 R&R was served upon plaintiff (Dkt. No. 15). No objections were filed, and, on December 19, 2005, this court adopted the 2005 R&R and ordered the case dismissed without prejudice.

In response to a letter from plaintiff filed January 3, 2006, requesting that his case not be dismissed (Dkt. No. 19), Judge Pohorelsky, on February 16, 2006, conducted a hearing culminating in a recommendation that plaintiff's application to reopen the file be granted. (Dkt. No. 22). Although no order to reopen was actually entered, on April 7, 2006, Judge Pohorelsky issued a further order rescheduling discovery (Dkt. No. 24), including directives that plaintiff respond within 30 days to defendants' interrogatories and document requests, which had previously been served on plaintiff's former counsel but of which plaintiff had claimed

2

ignorance. (See Dkt. No. 32 at 2). By letter motion dated June 2, 2006 (Dkt. No. 25), defense counsel sought sanctions for plaintiff's wholesale non-compliance with that order. At the ensuing discovery conference on June 16, 2006, Judge Pohorelsky again ordered plaintiff to respond to these demands, this time by July 6, 2006. Id. Yet again, no responses were forthcoming. Id. Finally, at a September 6, 2006 conference, Judge Pohorelsky ordered for a third time that plaintiff comply with these demands and also required his appearance for two medical examinations by October 20, 2006. See id.; see also Dkt. No. 28. Advised of plaintiff's non-compliance with both orders, Judge Pohorelsky conducted another conference on October 24, 2006. Plaintiff did not appear. Id.; see also Dkt. Nos. 29-30. Accordingly, on the same date, Judge Pohorelsky issued an Order to Show Cause why the "case should not be dismissed for failure to comply with discovery orders and for otherwise failing to prosecute th[e] action," and "why attorneys fees in the amount of $500 should not be awarded to the defendants ... for fees incurred ...for counsel's appearance at [the] conference." Notably, plaintiff was explicitly advised, for the second time, of the dire consequences of disobedience. The order recited, in boldface type: **"In view of the plaintiff's multiple previous failures to comply with discovery orders, a failure by the plaintiff to respond to this order by the deadline above will result in a dismissal of this action with prejudice."** Dkt. No. 30. Again, plaintiff did not respond.

On December 24, 2007, Judge Pohorelsky issued the instant report and recommendation (the "2007 R&R"), recommending that the action be dismissed with prejudice "because of the plaintiff's persistent failure to provide discovery in response to court orders and otherwise prosecute." (Dkt. No. 32). After referring to the litany of plaintiff's non-compliance with discovery orders that had been the subject of the 2005 R&R, as well as the clear warning at that

time that such conduct by plaintiff would result in the dismissal of the action, Judge Pohorelsky catalogued plaintiff's continued derelictions of his discovery obligations throughout 2006, as well as his second failure to respond to an order to show cause that communicated clear notice that such conduct would result in the dismissal of his action, this time, explicitly "with prejudice." Also in reaching his recommendation, Judge Pohorelsky observed that "the accident that occurred more than six years ago apparently result[ed] only in soft tissue injuries," and he concluded that defendants had been prejudiced both by the passage of time, which increased "the likelihood that medical records and other evidence would no longer be available," and by the "considerable resources" defendants had already expended "attending numerous pointless conferences and attempting to obtain discovery." Id.

By letter to Judge Pohorelsky dated December 28, 2008, plaintiff disputed the recommended dismissal, insisting that he had "presented all documents and information that [he had] at hand," explaining, in part, that "[s]ome of the discovery information [was] more than a decade old." See Appendix A at 1. Although Judge Pohorelsky refused to accept the letter as it had not been served on defense counsel, Dkt. No. 33, plaintiff apparently subsequently effected service, and defense counsel has construed this letter as plaintiff's objections to the 2007 R&R (Dkt. No. 34 at 1-2), as has this court.

## DISCUSSION

Under Fed. R. Civ. Proc. 41(b), a district court may order an involuntary dismissal of a case "for failure of the plaintiff to prosecute or comply with these rules or any order of court." Fed. R. Civ. Proc. 41(b). Unless the court specifies otherwise in its dismissal order, dismissal under this rule "operates as an adjudication on the merits." Id. Although the authority of a district court to dismiss

a case for failure to prosecute is an "important tool for preventing undue delays and avoiding docket congestion," United States ex rel. Drake v. Norden Systems, 375 F.3d 248, 251 (2d Cir. 2004), involuntary dismissal "is also one of the harshest sanctions at a trial court's disposal" and thus "it is reserved for use only in the most extreme circumstances." Id.

The Second Circuit has held that, in considering whether to grant a motion for involuntary dismissal, the district court must consider five factors, none of which is dispositive. Specifically, the court must consider whether: "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; [and] (3) defendant was likely to be prejudiced by further delay." Id. at 254. Fourth, the court must also examine "the need to alleviate court calendar congestion against plaintiff's right to an opportunity for a day in court," and fifth, it must carefully consider the efficacy of lesser sanctions. Id.; see also Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001); Shannon v. Gen. Elec. Co., 186 F.3d 186, 193-94 (2d Cir. 1999); Dosunmu v. United States, 361 F.Supp.2d 93, 100 (E.D.N.Y. 2005) (analyzing the five Norden factors). Examining and weighing these factors in the instant case amply supports the recommended dismissal.

**(1) Delay**

Analysis of the first factor, whether the failure to prosecute has caused delays of significant duration, involves two questions: "(1) whether the failures to prosecute were those of the plaintiff; and (2) whether these failures were of signification duration." Norden, 375 F.3d at 255 (citing Martens, 273 F.3d at 180). Although plaintiff has claimed that some of the delays in this case were caused by his counsel, "the question we must ask with respect to duration is simply whether or not the delay was caused by plaintiff's side as a whole." Id. It is clear from the record that all significant

5

delays in this litigation were caused by plaintiff's side. Indeed, as detailed above, virtually all of the time that elapsed between April 2005, when plaintiff failed to comply with Judge Pohorelsky's March 28, 2005 discovery order, and the end of December 2007, when the court once again recommended dismissal of the action, is attributable to the plaintiff.

It is also clear that the totality of these delays, approximately 30 months, is of significant duration and warrants dismissal. See, e.g., Norton, 375 F.3d at 255 (17-month delay significant); Scott v. County of Erie, No. 06-CV-473S, 2007 WL 3353290, at * 3 (W.D.N.Y. Nov. 11, 2007) (delay of 10 months is of significant duration); Antonios A. Alevizopoulous & Assoc., Inc. v. Comcast Int'l Holdings, Inc., No. 99-CV-9311, 2000 WL 1677984, at *2 (S.D.N.Y. Nov. 8, 2000) (four months delay warranted dismissal); see also Wubayeh v. City of New York, No. 94-CV-0404 (DGT), 2007 WL 2743584, at *5 (E.D.N.Y. Sep. 18, 2007) ("unexplained delay of nineteen-and-a-half months remains an adequate basis for dismissal" although total amount of delay was approximately four years). Thus, this factor weighs heavily in favor of dismissal.

### (2) Notice to Plaintiff

It is clear from the record that plaintiff received ample notice, and numerous warnings, that his failure to comply with discovery orders would result in dismissal. As detailed above, these warnings were explicitly and prominently incorporated into both the 2005 R&R (Dkt. No. 14) and the October 24, 2006 Order to Show Cause (Dkt. No. 30). Thus, this factor also weighs in favor of dismissal.

### (3) Prejudice to Defendants

As to the third factor, prejudice to the defendants may be presumed as a matter of law depending on "the degree to which the delay was lengthy and inexcusable." Norden, 375 F.3d at

256. In Shannon, the Second Circuit presumed prejudice because the plaintiff delayed two years in amending the complaint, and then failed to respond to the court's warning that he faced dismissal. See Shannon, 186 F.3d at 194-95. Morever, there are reasons to believe that the defendants suffered actual prejudice. As plaintiff acknowledged in his December 28, 2007 letter, some of the files relating to this case are not available to him as the events transpired many years ago. In fact, this case concerns an automobile accident that occurred in 2001, some 7 years ago. Thus, as defendants have argued and Judge Pohorelsky has concluded, there is a strong likelihood that many of the pertinent insurance and medical records have been destroyed due to the passage of time. Moreover, Judge Pohorelsky is unquestionably correct that defendants have been prejudiced by the considerable resources they were forced to expend in futile efforts to secure discovery. Accordingly, the third factor also weighs in favor of dismissal.

**(4) Balance between congestion and opportunity to be heard**

Turning to the fourth factor, it has been noted that "a court must not let its zeal for a tidy calendar overcome its duty to justice." Scott, 2007 WL 3353290, at *4. Although plaintiff's delays have caused Judge Pohorelsky to hold a plethora of additional hearings and to issue two reports and recommendations recommending dismissal, the court cannot find that the delays in this one case have had a palpable effect on docket congestion. Nevertheless, it is appropriate to note that the expenditure of judicial resources caused solely by plaintiff's delays in this case is significant.

Morever, it is clear that the plaintiff has had ample opportunity to be heard throughout these proceedings. Indeed, the case was once dismissed and then reopened at plaintiff's behest, who pleaded for another opportunity to be heard. Plaintiff's persistent non-compliance thus prompted four subsequent court-ordered hearings, culminating in the 2007 R&R recommending dismissal.

Because plaintiff has had ample opportunity to be heard throughout this litigation, the weighing of these factors warrants dismissal.

### (5) Consideration of lesser sanctions

Finally, the court must consider whether other, lesser sanctions would be more appropriate to remedy the delay. In this case, although plaintiff has, on numerous occasions, attributed delays to his attorney, Judge Pohorelsky found reason to grant plaintiff's lawyer's request for withdrawal and to award him a lien on plaintiff's recovery to defray his expenditures. See Dkt. No. 13. Thus it is at best dubious that plaintiff's lawyer could even be faulted for the delays in this case, much less that sanctions against him could provide an effective lesser remedy. More importantly, given that this case has already once been dismissed for failure to prosecute, and that despite that dismissal and a second opportunity to litigate the case, plaintiff's non-compliance with Judge Pohorelsky's orders has persisted unabated, it is evident that no remedy would be sufficient to induce plaintiff to properly litigate this case. Accordingly, the fifth factor also weighs in favor of dismissal.

## CONCLUSION

Having conducted a de novo review of the record, and for the reasons stated above, the court adopts 2007 R&R in its entirety, and orders that, pursuant to Rule 41(b), Fed. R. Civ. Proc., this case be dismissed with prejudice for failure to prosecute. The Clerk of the Court is ordered to entered judgment accordingly.

SO ORDERED.

s/ Judge Allyne R. Ross
_____
Allyne R. Ross
United States District Judge

Dated: February 1, 2008
Brooklyn, New York

SERVICE LIST:

<u>Plantiff *Pro Se*</u>

**Mark Wills**
216 Legion Street
Brooklyn, NY 11212

<u>Attorneys for Defendants</u>

**David W. Brand**
Brand, Glick & Brand, P.C.
100 Ring Road West
Garden City, NY 11530

**Peter M. Khrinenko**
Brand, Glick & Brand, P.C.
100 Ring Road West
Garden City, NY 11530

cc:  Magistrate Judge Viktor Pohorelsky